## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:13-CR-00069-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| ANDREW DAVID OWENS, | ) |
| Defendant. | ) |

This matter is before the court on Defendant's Motion to Dismiss the Indictment [DE-32]. Defendant argues that he is entitled to dismissal of the Indictment pursuant to Rules 12 and 18 of the Federal Rules of Criminal Procedure and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Government has responded with an Opposition [DE-35]. This matter is now ripe for disposition.

Initially, Defendant notes that North Carolina has not yet implemented the Sex Offender Registration and Notification Act ("SORNA"). Defendant argues that to punish him for violating SORNA would violate the *Ex Post Facto* Clause and the Due Process Clause of the United States Constitution. Citing *United States v. Gould*, 568 F.3d 459 (4th Cir. 2009), Defendant concedes that this argument has been addressed by the Fourth Circuit and was decided adversely to him.

Next, Defendant contends that the Indictment should be dismissed because Congress lacks the power to compel individuals to engage in non-commercial intrastate activities. Defendant concedes that this argument has been addressed and was decided adversely to him. *See Gould*, 568 F.3d at 459.

Defendant argues that the Indictment should be dismissed because Section 2250(a) exceeds Congress' Commerce Clause authority. Defendant acknowledges that this argument has

been heard by the Fourth Circuit and was decided adversely to his argument. *See Gould*, 568 F.3d at 459.

Defendant argues that his Indictment should be dismissed because SORNA violates the Non-Delegation Doctrine. Citing *United States v. Burns*, 418 Fed. Appx. 209 (4th Cir. 2011), Defendant concedes that this argument has been addressed by the Fourth Circuit in an unpublished opinion and was decided adversely to him.

Defendant next contends that the Indictment should be dismissed because the Government has failed to comply with the notice provision of 42 U.S.C. § 16917. Citing *Gould*, 568 F.3d at 459, Defendant concedes that this argument has been addressed and was decided adversely to him.

Defendant asserts that the Indictment should be dismissed because SORNA unconstitutionally infringes upon State power, in violation of the Tenth Amendment to the United States Constitution. Defendant concedes that this argument has been heard and decided by the Fourth Circuit adversely to his argument. *See Kennedy v. Allera*, 612 F.3d 261 (4th Cir. 2010).

Finally, Defendant argues that the Eastern District of North Carolina is not the proper venue for the prosecution of his alleged SORNA violation. Specifically, Defendant contends that he was in the Third Circuit's jurisdiction at the time of his apprehension, and as such, venue there is the proper place for the prosecution. Defendant concedes that this argument has been heard and decided by the Fourth Circuit adversely to him in several unpublished decisions. *See United States v. Atkins*, 498 Fed. Appx. 276 (4th Cir. 2012); *United States v. Stewart*, 461 Fed.

2

Appx. 349 (4th Cir. 2012); *Burns*, 418 Fed. Appx. at 209.

As discussed above, Defendant has conceded that Fourth Circuit precedent has addressed and rejected the bases for his motion. Also, as the Government has noted, Defendant has not made an argument that his case is distinguishable in such a way that it would limit the application of these cases and their rationale to his case. For these reasons, it is ORDERED that Defendant's Motion to Dismiss the Indictment [DE-32] is DENIED.

SO ORDERED.

This, the ____22____ day of July, 2013.

JAMES C. FOX
Senior U.S. District Judge

3