IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00069-F1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW DAVID OWENS | ) | |
| | ) | |

This matter is before the court on Defendant Andrew David Owens's *pro se* motion [DE-138] to vacate his plea agreement.

On September 2, 2014, Defendant pleaded guilty pursuant to a written plea agreement to a single count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. Defendant's plea agreement included, *inter alia*, an agreement between the parties that Defendant was entitled to a downward adjustment to his offense level for acceptance of responsibility and that certain enhancements to his offense level were inapplicable. These provisions regarding Defendant's offense level were pursuant to Fed. R. Crim. P. 11(c)(1)(B)— that is, they did not bind the court. Nonetheless, at Defendant's sentencing hearing on January 6, 2015, the court adopted these recommendations, finding a base offense level of 16, a total offense level of 13, and a criminal history category of V, for a guidelines imprisonment range of 30 to 37 months and a supervised release range of 5 years. The court sentenced the Defendant to 41 months' imprisonment to be followed by a 20-year term of supervised release. This sentence reflected an upward departure pursuant to U.S.S.G. § 4A1.3, Criminal History Inadequacy.

After serving his term of imprisonment, Defendant was released and began supervision on September 4, 2015. On October 13, 2015, the United States Probation Office moved for

revocation of Defendant's supervised release, alleging Defendant had been arrested in Wake County, North Carolina. Defendant's revocation of supervised release hearing is currently scheduled for this court's October 31, 2016 term of court.

Defendant now moves to vacate his plea agreement, alleging that "[his] points were modified by Bureau of Prisons here to 16 pts." Arguing that such a modification is a breach of his plea agreement, Defendant seeks to vacate the agreement.

The Bureau of Prisons does not determine a defendant's offense level. Rather, this determination is made by the court. In this case, the court found an offense level consistent with the recommendations contained in Defendant's plea agreement. Accordingly, because the court perceives no basis for Defendant's motion, the motion is DENIED.

SO ORDERED.

This the 17 day of October, 2016.

James C. Fox
JAMES C. FOX
Senior U.S. District Judge